UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA,

                Plaintiff,

-v.-

NEW YORK CITY DEPARTMENT OF CORRECTION; KISA SMALLS, WARDEN, NORTH INFIRMARY COMMAND, NEW YORK CITY DEPARTMENT OF CORRECTION; CITY OF NEW YORK; NEW YORK STATE DIVISION OF PAROLE,

                Defendants.

20 Civ. 3985 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, District Judge:

    Plaintiff, currently incarcerated in the North Infirmary Command (NIC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. By Order dated June 2, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief

---

[1]    Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The court must also dismiss a complaint if the court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing the complaint, the court must accept all well-pleaded factual allegations as true.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations,

the court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.  Department of Correction

Plaintiff's claims against the New York City Department of Correction must be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

### B.  New York State Division of Parole

Plaintiff's claims against the New York State Division of Parole must also be dismissed.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity ...." *Gollomp* v. *Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting

42 U.S.C. § 1983.  *See Trotman* v. *Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's § 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

### C. Defendants City of New York and Warden Kisa Smalls

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the City of New York and Warden Kisa Smalls waive service of summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Department of Correction and the New York State Division of Parole.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that Defendants City of New York and Warden Kisa Smalls, waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438,

444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 9, 2020
       New York, New York

                                                  KATHERINE POLK FAILLA
                                                  United States District Judge