UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MEDINA,

                Plaintiff,

            -v.-

NEW YORK CITY DEPARTMENT OF CORRECTION; KISA SMALLS, WARDEN, NORTH INFIRMARY COMMAND, NEW YORK CITY DEPARTMENT OF CORRECTION; CITY OF NEW YORK; NEW YORK STATE DIVISION OF PAROLE,

                Defendants.

20 Civ. 3985 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's letters dated August 13, 2020 (Dkt. #37), and June 9, 2020 (Dkt. #38).[1] Of the issues Plaintiff raises in his June 9, 2020 letter — such as access to the NIC Law Library and accommodations therein, and Defendants' efforts to move Plaintiff between facilities to deprive him of accommodations and access to legal documents — many have been addressed since the Plaintiff drafted the letter. (*See* Dkt. #34 (explaining, *inter alia*, that Plaintiff has been returned to NIC and has access to the NIC Law Library and the accommodations therein), 37 (noting that Plaintiff now has access to his legal documents and the NIC Law Library two days a week)). Additionally, in his earlier letter, Plaintiff alleged that although Defendants transferred him back to NIC and provided him with accommodations,

---

[1]    The Court notes that this letter appears to be misdated because it responds to Defendants' July 21, 2020 letter. (Dkt. #38 at 1). This Court received and docketed this letter on August 20, 2020.

Defendants purposefully prevented Plaintiff from accessing the specific computer that contains his legal files in retaliation for bringing legal claims against Defendants. (Dkt. #38 at 5-6). Plaintiff's August 13, 2020 letter states that Plaintiff now has access to his legal files. (Dkt. #37 at 1). Additionally, by Order dated August 13, 2020, and in response to Plaintiff's allegations that Defendants may withdraw accommodations at any time, the Court kept Plaintiff's motion for a temporary restraining order under consideration. (Dkt. #36).

Plaintiff raises two concerns that remain outstanding and thus require the Court's attention. *First*, in both letters, Plaintiff requests relief for a new accommodation: to be housed in a cell with reduced lighting. (Dkt. #37 at 2-7; 38 at 6-10). Plaintiff did not request this accommodation in his order to show cause or motion for a temporary restraining order and preliminary injunction (*see generally* Dkt. #13, 20), though he has mentioned the underlying health condition to the Court before (*see* Dkt. 4 at 13-14), and this accommodation has been the subject of litigation in this District. *See, e.g., Medina* v. *Buther*, No. 15 Civ. 1955 (LAP), 2019 WL 581270, at *24 (S.D.N.Y. Feb. 13, 2019). Plaintiff has not previously requested this relief from this Court, and Defendants have not had an opportunity to respond to this request before this Court. Defendants are hereby ORDERED to provide a status update on or by August 28, 2020, regarding: (i) their position on Plaintiff's requested accommodation to be housed in a cell with reduced lighting, and (ii) any changes in the provision of this accommodation to Plaintiff.

*Second,* in his August 13, 2020 letter, Plaintiff alleges that Defendants continue to unduly restrict his access to the NIC Law Library — and to the legal files and accommodations therein — by granting him access only two days a week. (Dkt. #37 1-2). Defendants have already stated that access to the NIC Law Library is limited due to the serious health risks posed by the COVID-19 pandemic. (Dkt. #27 ¶ 18; *see also* Dkt. #34). Thus, at this time, the Court will not risk the health and safety of Plaintiff, other inmates, and staff by ordering that Defendants give Plaintiff unfettered access to the NIC Law Library. To the extent access granted to Plaintiff is similar to the access granted to other inmates, such access is sufficient. However, Defendants have not provided any concrete information about the level of access that other inmates have to the NIC Law Library. Therefore, the Court is unable to determine whether, as Plaintiff alleges, his access is restricted in retaliation for bringing litigation against Defendants, or whether, as Defendants claim, access to the NIC Law Library is similarly limited as to all inmates. Defendants are hereby ORDERED to inform the Court on or by September 4, 2020, of the policies and procedures at NIC for the access and use of the NIC Law Library by inmates, including any formal or informal rules or policies regarding access to the NIC Law Library and legal files or accommodations therein.

SO ORDERED.

Dated: August 24, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*

    Anthony Medina
    241190428
    Rikers Island-North Infirmary
    Command 1500 Hazen Street
    East Elmhurst, NY 11370